```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
U.S. SPECIALTY INSURANCE CO.,        :
                                     :
             Plaintiff,              :     20cv5874 (JSR)
                                     :
        -v-                          :     ORDER
                                     :
UNITED SPECIALTY INSURANCE CO.,      :
                                     :
             Defendant.              :
                                     :
------------------------------------x
```

JED S. RAKOFF, U.S.D.J.

On July 29, 2020, U.S. Specialty Insurance Company filed a complaint against United Specialty Insurance Company for a declaratory judgment and contribution in connection with an insurance coverage dispute. ECF No. 1. Plaintiff invoked as sources of subject matter jurisdiction 28 U.S.C. § 1332 and 28 U.S.C. § 2201. Id. ¶ 10.

The Declaratory Judgment Act, 28 U.S.C. § 2201 "is procedural only" and "did not extend [courts'] jurisdiction." Skelly Oil Co. v. Phillips Petroleum Co., 339 U.S. 667, 671 (1950). Therefore, the only proper source of subject matter jurisdiction invoked by plaintiff is 28 U.S.C. § 1332.

28 U.S.C. § 1332 authorizes federal district courts to hear disputes where there is diversity jurisdiction, including, as relevant here, disputes between citizens of different States. 28 U.S.C. § 1332(a)(1). In assessing whether diversity exists,

"a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." Id. § 1332(c)(1).[1]

The Complaint alleges that U.S. Specialty Insurance Company and United Specialty Insurance Company both have their principal place of business in Texas. ECF No. 1 ¶¶ 8-9. Because the two parties to the action are citizens of the same State, the Court lacks diversity jurisdiction.

Accordingly, the case is dismissed for lack of jurisdiction.

SO ORDERED.

Dated: New York, NY
August 4, 2020

_____
United States District Judge

---

[1] There is a specific provision for "any direct action against the insurer of a policy or contract of liability insurance," 28 U.S.C. § 1332(c)(1), but the Court need not consider it. The exception expands the list of States of which a insurer-defendant may be deemed a citizen to include not only the States of the insurer's incorporation and principal place of business but also any States where the insured is a citizen. 28 U.S.C. § 1332(c)(1).